**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VALENTINE MILLER | : |
|    Plaintiff | : |
| v | :  Civil Action No. DKC-07-1612 |
| WARDEN | : |
|    Defendant | : |

o0o

## MEMORANDUM

On June 25, 2007, the court issued an order in the above-captioned case requiring Plaintiff to supplement the Complaint. Paper No. 2. On July 25, 2007, Plaintiff filed a supplemental complaint and a motion for temporary restraining order. Papers No. 3 and 5. Defendant has filed an answer to the claims raised. Paper No. 7. For the reasons that follow, the case shall be dismissed.

Plaintiff alleges that on September 27, 2000, he was sentenced in the Baltimore County Circuit Court and ordered to be "immediately transported to Patuxent Institution for acceptance, therapy, and treatment in their evaluation mental health therapy programs or in the alternative admit [him] to any such mental health hospital where he can obtain the needed treatment." Paper No. 5 at pp. 1–2. Plaintiff asserts that prison officials never complied with the order to provide him with the treatment ordered. He now seeks to compel their compliance. *Id* at p. 2. Currently, Plaintiff is incarcerated in the United States Penitentiary in Beaumont, Texas. Plaintiff seeks an immediate transfer to either Patuxent Institution or to another mental health facility.

Defendant explains that a recommendation for placement into Patuxent Institution or another mental health treatment program was made by the judge who sentenced Plaintiff. Paper No. 7 at Ex. 1. Pursuant to that recommendation Plaintiff was transferred to Patuxent in November of 2001. *Id*. at Ex. 2-4. Plaintiff was never approved for participation in the Youthful Offender program because he received six disciplinary charges within a period of four months, and eligibility for

participation in treatment programs at Patuxent depends in part on institutional disciplinary records. *Id*. While Plaintiff was considered for participation in the Patuxent program, he was never admitted for participation due to his disciplinary infractions.

Plaintiff is currently in the physical custody of the federal Bureau of Prisons. Defendant has asserted both that Plaintiff was transferred to the Texas facility under the Interstate Corrections Compact ("ICC") and that he is no longer in the custody of the Maryland Division of Correction ("DOC"). Paper No. 7 at pp. 3–4. The two assertions are contradictory. Transfer under the ICC does not change Plaintiff's status as a Maryland DOC inmate, nor does it relieve Maryland of its jurisdiction over Plaintiff. *See* Md. Corr. Ser., Code Ann. §8-605(c). Further, there is nothing in the record indicating that Plaintiff has been paroled or otherwise released from his obligation to serve the Maryland sentence. Defendant simply provides documents indicating that Plaintiff has an immigration detainer lodged against him. Paper No. 7 at Ex. 2–5.

Defendant asserts that if Plaintiff has any further need for mental health treatment he must seek that treatment from federal authorities. Paper No. 7 at p. 5 – 6. To the extent Plaintiff is an ICC transferee serving a Maryland sentence in federal custody, he is not deprived of any legal rights he would have had if he were still confined in a Maryland facility. *See* Md. Corr. Ser., Code Ann. § 8-605(e). It is clear, however, that Plaintiff does not have a right under Maryland law to participate in the Patuxent program and inasmuch as Plaintiff had a legal right to be evaluated for participation in the program, he was afforded that opportunity. In the event Plaintiff currently requires mental health services, he is entitled to receive such services as would be provided to any other inmate confined in the receiving facility. *See id*. Accordingly, Plaintiff must seek services from prison officials in Texas. Injunctive relief from this court is not available.

The sole relief sought in this case is a transfer to another institution. Paper No. 3. To the

extent Plaintiff alleges his prison sentence has not been properly executed, such allegation would be appropriately construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]  Judicial review of claims regarding execution of a prison sentence may only be sought in the district of confinement. *See McNair v. McCune*, 527 F.2d 874, 875 (4th Cir.1975).  Plaintiff is not physically confined in this district.

This court does not have subject matter jurisdiction over the claims raised; therefore, the complaint, construed as a petition for writ of habeas corpus, shall be dismissed without prejudice. A separate order follows.

  September 28, 2007  
Date

          /s/  
DEBORAH K. CHASANOW  
United States District Judge

---

[1] Where a challenge is raised regarding the effect of events subsequent to the imposition of a sentence on that sentence, a petition filed pursuant to 28 U.S.C. § 2241 is an appropriate remedy. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1989).